**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PARA BLANKENSHIP, a/k/a Para
Frazier,
            *Defendant-Appellant.*

No. 02-4350

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-01-234-2)

Submitted: November 13, 2002

Decided: December 19, 2002

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

David C. Smith, SMITH & SCANTLEBURY, L.C., Bluefield, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven R. Compton, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Para Blankenship pled guilty to conspiracy to distribute oxycodone in violation of 18 U.S.C. §§ 841, and 846. The district court sentenced Blankenship to thirty-seven months' imprisonment, and she noted a timely appeal. On appeal, Blankenship's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but asserting that the district court erred in denying Blankenship a reduction in her offense level for being a minimal or minor participant as defined by *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000). Blankenship was informed of her right to file a pro se supplemental brief but has not filed a brief. Finding no reversible error, we affirm.

We review a district court's determination regarding the defendant's role in an offense for clear error. *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989). A defendant may play a minor role if she is less culpable than most other participants but has more than a minimal role. USSG § 3B1.2 comment. (n.3). However, the court should not only compare the defendant's culpability to that of the other participants, but also measure it against the elements of the offense of conviction. *United States v. Reavis*, 48 F.3d 763, 869 (4th Cir. 1995). "The critical inquiry is not . . . whether the defendant has done fewer 'bad acts' than her codefendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991).

Here, the district court found that Blankenship played an active part in obtaining and selling the prescription drugs. That finding is amply supported by the record. Therefore, we conclude the district court did not commit clear error in refusing to find Blankenship was a minor or minimal participant in the offense. Accordingly, we affirm Blankenship's conviction and sentence.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (2000), this court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*